IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

---

**Michael Carrasquillo**,

      Plaintiff,

  v.

**Xecutive Security Investigations Group, Inc.** and **Willis Bryan Bogan**,

      Defendants.

Case No. 19-cv-00758

---

## COMPLAINT

Plaintiff Michael Carrasquillo brings this civil action against Defendants Xecutive Security Investigations Group, Inc. ("XSIG") and Willis Bryan Bogan to redress their intentional religious discrimination and retaliation. Carrasquillo alleges upon knowledge as to himself and his own acts, and otherwise upon information and belief, as follows:

## Preliminary Statement

1. Federal courts have repeatedly held employers liable for failing to reasonably accommodate the religious practices and beliefs of employees and job applicants. That's because federal antidiscrimination law gives religious practices "favored treatment, affirmatively obligating employers not to fail or refuse to hire or discharge any individual . . . because of such individual's religious practice." *EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S.Ct. 2028, 2034 (2015) (internal quotation marks omitted). The message to employers is clear: Forcing an individual to choose between a job and a religious practice is unlawful.

2. When Michael Carrasquillo applied for a security officer job at XSIG, he didn't know XSIG and its chief executive officer, Willis Bryan Bogan, would force him to choose between that job and his religious practice. Carrasquillo is a practicing Muslim who

observes his religious belief by wearing a beard. So, when Bogan saw Carrasquillo's beard and immediately told him about XSIG's no-beard policy, Carrasquillo explained his religious practice to Bogan and requested a religious accommodation in the form of a waiver of the policy. But Bogan explicitly denied the request and rescinded the job offer Carrasquillo had just received.

3. XSIG failed to hire Carrasquillo as a result of his need for a religious accommodation, failed to reasonably accommodate his religious practice, and retaliated against him for requesting a religious accommodation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't §§ 20-601 *et seq.* Additionally, Bogan violated FEPA by aiding and abetting unlawful discriminatory and retaliatory conduct as well as by preventing and obstructing FEPA compliance.

4. Carrasquillo seeks all available legal and equitable relief, including (but not limited to) compensatory damages, back pay, punitive damages, and litigation fees and costs.

## Jurisdiction and Venue

5. Subject-matter jurisdiction exists over Carrasquillo's Title VII claims under 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5(f)(3). Supplemental jurisdiction exists over Carrasquillo's FEPA claims under 28 U.S.C. § 1367(a).

6. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 2000e-5(f)(3) because XSIG regularly conducts business and resides in this judicial district.

## Parties

7. Plaintiff Michael Carrasquillo is an adult resident of Maryland. He is a security officer with substantial work experience and the credentials necessary for armed-security-officer jobs in Maryland. Carrasquillo is also a practicing Muslim who observes his sincerely held religious belief by wearing a beard. He timely filed a discrimination charge and has received a right-to-sue notice. *See* June 22, 2018 Charge of Discrimination; December 13, 2018 Right-to-Sue Notice.

8. Defendant XSIG provides diverse security services to public and private entities. It is a Maryland corporation and regularly conducts business in Maryland. Its main office is at 821 E. Baltimore Street, Baltimore, MD 21202.

9. Defendant Willis Bryan Bogan is XSIG's chief executive officer.

### Factual Background

10. Around March 2018, Carrasquillo applied for an armed security officer job at XSIG.

11. Around March 19, 2018, an XSIG manager who identified himself as Mr. Johnston interviewed Carrasquillo over the telephone. Johnston determined that Carrasquillo was more than qualified because Carrasquillo at the time had several years of armed-security-officer experience, a Maryland State Security Clearance Card, a Maryland State Handgun Permit, a Maryland State Private Detective Certificate, a Government Suitability Certificate, and all the necessary credentials.

12. Johnston offered Carrasquillo the job and asked if he could start working the evening of the next day, March 20, since XSIG had many openings to fill.

13. Carrasquillo said yes.

14. Johnston then asked Carrasquillo to report to XSIG's main office on March 20 during the day so that Johnston could copy his credential documents, give him new-hire documents to complete, and formally him to Bogan, XSIG's chief executive officer.

15. On March 20, Carrasquillo reported to XSIG's main office.

16. Johnston processed Carrasquillo and then took him to meet Bogan.

17. But the meeting didn't last long.

18. Bogan homed in on Carrasquillo's beard and said, "Your beard might be a problem—you'll be working at a government site."

19. Carrasquillo requested a religious accommodation: a waiver of the no-beard policy. He explained that he is a practicing Muslim who observes his religious belief by wearing a beard.

20. Despite the sincerity and reasonableness of Carrasquillo's request, Bogan denied it. With a snicker Bogan countered: "Nowhere in the Muslim religion does it say you have to have a beard."

21. Because Johnston had already asked Carrasquillo to start working for XSIG that night, Carrasquillo said to Bogan, "I thought I was starting tonight."

22. Bogan dismissingly replied, "No, you're not. We'll have to call you back."

23. Carrasquillo went home but never received a call from Bogan or Johnston.

24. Six days later, on March 26, Carrasquillo reached out to Bogan and Johnston to inquire about the status of his job application.

25. Neither one ever responded.

## Causes of Action

### Count 1: Disparate Treatment Based on Religion
### Violation of Title VII
### *Defendant XSIG*

26. Carrasquillo incorporates every preceding paragraph as alleged above.

27. At all relevant times, XSIG was an employer and Carrasquillo was an employee under Title VII.

28. XSIG is vicariously liable for the acts of Bogan, Johnston, and all other XSIG employees involved in the events giving rise to this Complaint.

29. Carrasquillo belongs to a protected class because he is Muslim. Consistent with his understanding of Islam, he wears a beard in observance of his religious belief.

30. At all relevant times XSIG had a no-beard policy for the position Carrasquillo sought to fill; however, the policy conflicted with Carrasquillo's practice of wearing a beard to observe his religious belief.

31. XSIG had actual knowledge of Carrasquillo's religious practice because Carrasquillo told Bogan about it and requested a religious accommodation so that he could maintain his beard.

32. XSIG did not offer Carrasquillo any religious accommodation or otherwise engage him in the interactive process.

33. XSIG could have reasonably accommodated Carrasquillo's religious practice without undue hardship.

34. XSIG subjected Carrasquillo to disparate treatment based on religion by failing to hire him as a result of his need for a religious accommodation and by failing to reasonably accommodate his religious practice.

35. XSIG adversely affected the terms, conditions, and benefits of his employment in violation of Title VII.

36. XSIG's violation of Carrasquillo's Title VII rights has directly and proximately caused Carrasquillo past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, inconvenience, anxiety, and loss of enjoyment of life.

37. XSIG's actions were wanton, reckless, or in willful indifference to Carrasquillo's rights.

Carrasquillo prays for declaratory judgment against XSIG and in Carrasquillo's favor; nominal damages; compensatory and punitive damages, in an amount to be determined at trial; back pay, front pay, and other damages for lost compensation and job benefits; reasonable attorney's fees and costs; prejudgment and postjudgment interest; and any other relief this Court deems just or appropriate.

**Count 2: Retaliation**
**Violation of Title VII**
***Defendant XSIG***

38. Carrasquillo incorporates every preceding paragraph as alleged above.

39. Carasquillo engaged in protected activity when he asked Bogan for a reasonable religious accommodation in the form of a waiver of XSIG's no-beard policy.

40. XSIG took materially adverse actions against Carasquillo when, among other things, it failed to hire him and failed to reasonably accommodate his religious practice.

41. XSIG retaliated against Carrasquillo because it took materially adverse actions against him as a result of his request for a religious accommodation.

42. XSIG adversely affected the terms, conditions, and benefits of Carrasquillo's employment in violation of Title VII.

43. XSIG's violation of Carrasquillo's Title VII rights has directly and proximately caused Carrasquillo past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, inconvenience, anxiety, and loss of enjoyment of life.

44. XSIG's actions were wanton, reckless, or in willful indifference to Carrasquillo's rights.

Carrasquillo prays for declaratory judgment against XSIG and in Carrasquillo's favor; nominal damages; compensatory and punitive damages, in an amount to be determined at trial; back pay, front pay, and other damages for lost compensation and job benefits; reasonable attorney's fees and costs; prejudgment and postjudgment interest; and any other relief this Court deems just or appropriate.

### Count 3: Disparate Treatment Based on Religion
### Violation of FEPA
### *Defendant XSIG*

45. Carrasquillo incorporates every preceding paragraph as alleged above.

46. At all relevant times XSIG was an employer and Carrasquillo was an employee under FEPA.

47. XSIG is vicariously liable for the acts of Bogan, Johnston, and all other XSIG employees involved in the events giving rise to this Complaint.

48. Carrasquillo belongs to a protected class because he is Muslim. Consistent with his understanding of Islam, he wears a beard in observance of his religious belief.

49. At all relevant times XSIG had a no-beard policy for the position Carrasquillo sought to fill; however, the policy conflicted with Carrasquillo's practice of wearing a beard to observe his religious belief.

50. XSIG had actual knowledge of Carrasquillo's religious practice because Carrasquillo told Bogan about it and requested a religious accommodation so that he could maintain his beard.

51. XSIG did not offer Carrasquillo any religious accommodation or otherwise engage him in the interactive process.

52. XSIG could have reasonably accommodated Carrasquillo's religious practice without undue hardship.

53. XSIG subjected Carrasquillo to disparate treatment based on religion by failing to hire him as a result of his need for a religious accommodation and by failing to reasonably accommodate his religious practice.

54. XSIG adversely affected the terms, conditions, and benefits of his employment in violation of FEPA.

55. XSIG's violation of Carrasquillo's FEPA rights has directly and proximately caused Carrasquillo past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, inconvenience, anxiety, and loss of enjoyment of life.

56. XSIG's actions were wanton, reckless, or in willful indifference to Carrasquillo's rights.

Carrasquillo prays for declaratory judgment against XSIG and in Carrasquillo's favor; nominal damages; compensatory and punitive damages, in an amount to be determined at trial; back pay, front pay, and other damages for lost compensation and job benefits; reasonable attorney's fees and costs; prejudgment and postjudgment interest; and any other relief this Court deems just or appropriate.

### Count 4: Retaliation
### Violation of FEPA
### *Defendant XSIG*

57. Carasquillo incorporates every preceding paragraph as alleged above.

58. Carrasquillo engaged in protected activity when he asked Bogan for a reasonable religious accommodation in the form of a waiver of XSIG's no-beard policy.

59. XSIG took materially adverse actions against Carasquillo when, among other things, it failed to hire him and failed to reasonably accommodate his religious practice.

60. XSIG retaliated against Carrasquillo because it took materially adverse actions against him as a result of his request for a religious accommodation.

61. XSIG adversely affected the terms, conditions, and benefits of Carrasquillo's employment in violation of FEPA.

62. XSIG's violation of Carrasquillo's FEPA rights has directly and proximately caused Carrasquillo past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, inconvenience, anxiety, and loss of enjoyment of life.

63. XSIG's actions were wanton, reckless, or in willful indifference to Carrasquillo's rights.

Carrasquillo prays for declaratory judgment against XSIG and in Carrasquillo's favor; nominal damages; compensatory and punitive damages, in an amount to be determined at trial; back pay, front pay, and other damages for lost compensation and job benefits; reasonable attorney's fees and costs; prejudgment and postjudgment interest; and any other relief this Court deems just or appropriate.

### Count 5: Aiding, Abetting, and Preventing/Obstructing Compliance
### Violation of FEPA
### *Defendant Bogan*

64. Carrasquillo incorporates every preceding paragraph as alleged above.

65. Bogan actively participated in subjecting Carrasquillo to disparate treatment based on religion and retaliation. Bogan did so by, among other things, refusing to engage Carrasquillo in the interactive process despite having actual knowledge of his need for a religious accommodation, failing to reasonably accommodate his religious belief, and failing to hire him as a result of his need for a religious accommodation.

66. As a result, Bogan violated FEPA by aiding and abetting unlawful discriminatory and retaliatory conduct as well as by preventing and obstructing FEPA compliance.

67. Bogan's violation of Carrasquillo's FEPA rights has directly and proximately caused Carrasquillo past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, inconvenience, anxiety, and loss of enjoyment of life.

68. Bogan's actions were wanton, reckless, or in willful indifference to Carrasquillo's rights.

Carrasquillo prays for declaratory judgment against Bogan and in Carrasquillo's favor; nominal damages; compensatory and punitive damages, in an amount to be determined at trial; back pay, front pay, and other damages for lost compensation and job benefits; reasonable attorney's fees and costs; prejudgment and postjudgment interest; and any other relief this Court deems just or appropriate.

## Jury Demand

69. Carrasquillo requests a jury trial on all triable issues.

/s/ Onyebuchim A. Chinwah
Onyebuchim A. Chinwah
THE CHINWAH FIRM LLC
8403 Colesville Road Suite 1100
Silver Spring, MD 20910
Phone: (240) 842-9292
Fax: (240) 892-3042
Email: oc@chinwahfirm.com

*Attorney for Michael Carrasquillo*